GARLAND, Circuit Judge,
dissenting:
The district court denied the plaintiffs’ claim to interest for late payment of attorney’s fees on the ground that the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., gave them no right to such fees in the first place. That issue — whether the plaintiffs had an underlying right to fees —■ was the only issue briefed to this court.
My colleagues have instead presented a case for the proposition thát, even if the plaintiffs were entitled to attorney’s fees, they do not have a claim for interest under the IDEA. But there is also a case to be made for the opposite proposition, that the IDEA itself provides a federal cause of action for such interest as “part of the costs” of the litigation, 20 U.S.C. § 1415(i)(3)(B). Cf. Missouri v. Jenkins, 491 U.S. 274, 284, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (holding that “[a]n adjustment for delay in payment is ... an appropriate factor in the determination of what constitutes a reasonable attorney’s fee under” 42 U.S.C. § 1988); Copeland v. Marshall, 641 F.2d 880, 892-93 (D.C.Cir.1980) (en banc) (holding that “in Title VII and similar fee-setting cases,” a court may grant an “adjustment to reflect the delay in receipt of payment” because such delay “deprives the eventual recipient of the value of the use of the money in the meantime”). Just how strong the plaintiffs’ claim for interest might be is hard to assess, since neither side has submitted briefs on the question. “Dismissal for lack of subjecLmatter jurisdiction,” however, “is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions ..., or otherwise completely devoid of merit as not to involve a federal controversy.” Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (internal quotation marks omitted); see Bell v. Hood, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946). Whether or not the plaintiffs’ claim would ultimately prevail, it certainly does not fall into any of those categories.
Because the question of the validity of the plaintiffs’ claim to interest therefore *973 goes to the merits of the dispute and not to our subject-matter jurisdiction, I would follow our usual practice and decline to dispose of this appeal on a ground “not raised in the parties’ briefs.” Time Warner Entm’t Co. v. FCC, 98 F.3d 957, 964 (D.C.Cir.1996); see Carducci v. Regan, 714 F.2d 171, 177 (D.C.Cir.1983). Accordingly, I respectfully dissent.